RAY, J., CONCURRING IN PART AND DISSENTING IN PART. I concur with the majority’s affirmance of the trial court’s finding of a violation for Appellant’s failure to report to her probation officer on November 23, 2015, and the reversal of the findings of violation for her change of residence and refusal to submit to drug and alcohol tests. Unlike the majority, I would evaluate separately whether Appellant violated her probation by failing to report to her probation officer in December 2015 or January 2016. Finding no competent, substantial evidence of a willful violation, I would remand for the trial court to reconsider revocation and sentencing. Appellant argues that her failure to report to her probation officer in December 2015 or January 2016 was not willful. The record contains Appellant’s Order of Probation, which includes the standard probation condition that she “report to the probation officer as directed.” At the hearing, the State presented no evidence that Appellant was directed to report to the probation officer on any occasion in December 2015 or January 2016. Thus, no competent, substantial evidence supports the trial court’s finding of a violation on these dates. Although the sole remaining violation is reason enough to revoke Appellant’s probation, because the record does not establish that the trial court would have revoked probation and entered the same sentence based on this violation alone, I would remand for the trial court to reconsider revocation and sentencing. See Washington v. State, 215 So.3d 202 (Fla. 1st DCA 2017) (reversing for reconsideration while affirming findings sufficient to support revocation of probation).